UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: PARKER, DONNA                                §   Case No. 05-30415
                                                    §
                                                    §
Debtor(s)                                           §

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on August 03, 2005. The undersigned trustee was appointed on August 03, 2005.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of          $        15,000.85

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Administrative expenses | 0.00 |
   | Payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Payments to the debtor | 0.00 |
   | Leaving a balance on hand of [1] | $   15,000.85 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (9/1/2009)**

6. The deadline for filing claims in this case was 01/03/2006. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C** .

7. The Trustee's proposed distribution is attached as **Exhibit D** .

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,250.09. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,250.09, for a total compensation of $2,250.09. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of   $0.00 and now requests reimbursement for expenses of $464.96, for total expenses of $464.96.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 04/27/2010          By:/s/DAVID P. LEIBOWITZ
                              Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

**UST Form 101-7-TFR (9/1/2009)**

Exhibit A

Page: 1

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 05-30415  **Trustee:** (330570) DAVID P. LEIBOWITZ
**Case Name:** PARKER, DONNA  **Filed (f) or Converted (c):** 08/03/05 (f)
  **§341(a) Meeting Date:** 09/06/05
**Period Ending:** 04/27/10  **Claims Bar Date:** 01/03/06

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) | | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) DA=§554(c) | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| Ref. # | | | | | | |
| 1 | HOUSEHOLD GOODS AND FURNISHINGS | 400.00 | 0.00 | DA | 0.00 | FA |
| 2 | BOOKS AND ART OBJECTS | 50.00 | 0.00 | DA | 0.00 | FA |
| 3 | WEARING APPAREL | 100.00 | 0.00 | DA | 0.00 | FA |
| 4 | FURS AND JEWELRY | 200.00 | 0.00 | DA | 0.00 | FA |
| 5 | AUTOMOBILES AND OTHER VEHICLES | 4,595.00 | 0.00 | DA | 0.00 | FA |
| 6 | Adversary Leibowitz v. Mrozek et al (u) Preference lawsuit 07-645 | 0.00 | 15,000.00 | | 15,000.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 0.85 | Unknown |
| 7 | Assets Totals (Excluding unknown values) | **$5,345.00** | **$15,000.00** | | **$15,000.85** | **$0.00** |

**Major Activities Affecting Case Closing:**

settled litigation for $15,000 01/12/10

settled litigation for $15,000 01/12/10

House is vacant.

**Initial Projected Date Of Final Report (TFR):**    December 31, 2007    **Current Projected Date Of Final Report (TFR):**    December 31, 2010

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| Case Number: | 05-30415 | | Trustee: | DAVID P. LEIBOWITZ (330570) |
|---|---|---|---|---|
| Case Name: | PARKER, DONNA | | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | | Account: | ***-*****09-65 - Money Market Account |
| Taxpayer ID #: | **-***0441 | | Blanket Bond: | $5,000,000.00  (per case limit) |
| Period Ending: | 04/27/10 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 02/19/10 | {6} | Lawyers Title Insurance Corporation | | 1249-000 | 15,000.00 | | 15,000.00 |
| 02/26/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.08 | | 15,000.08 |
| 03/31/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.67 | | 15,000.75 |
| 04/06/10 | Int | JPMORGAN CHASE BANK, N.A. | Current Interest Rate is 0.0500% | 1270-000 | 0.10 | | 15,000.85 |
| 04/06/10 | | Wire out to BNYM account 9200******0965 | Wire out to BNYM account 9200******0965 | 9999-000 | -15,000.85 | | 0.00 |

|  |  |  |
|---|---|---|
| ACCOUNT TOTALS | 0.00 | 0.00 | $0.00 |
| Less: Bank Transfers | -15,000.85 | 0.00 | |
| **Subtotal** | 15,000.85 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$15,000.85** | **$0.00** | |

{} Asset reference(s)    Printed: 04/27/2010 11:47 AM    V.12.08

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 2

| **Case Number:** | 05-30415 | | **Trustee:** | DAVID P. LEIBOWITZ (330570) |
|---|---|---|---|---|
| **Case Name:** | PARKER, DONNA | | **Bank Name:** | The Bank of New York Mellon |
| | | | **Account:** | 9200-******09-65 - Money Market Account |
| **Taxpayer ID #:** | **-***0441 | | **Blanket Bond:** | $5,000,000.00  (per case limit) |
| **Period Ending:** | 04/27/10 | | **Separate Bond:** | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |
| 04/06/10 | | Wire in from JPMorgan Chase Bank, N.A. account ********0965 | Wire in from JPMorgan Chase Bank, N.A. account ********0965 | 9999-000 | 15,000.85 | | 15,000.85 |
| | | | **ACCOUNT TOTALS** | | 15,000.85 | 0.00 | **$15,000.85** |
| | | | Less: Bank Transfers | | 15,000.85 | 0.00 | |
| | | | **Subtotal** | | 0.00 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$0.00** | **$0.00** | |

Net Receipts :　　15,000.85

Net Estate :　　$15,000.85

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **MMA # ***-*****09-65** | 15,000.85 | 0.00 | 0.00 |
| **MMA # 9200-******09-65** | 0.00 | 0.00 | 15,000.85 |
| | $15,000.85 | $0.00 | $15,000.85 |
| Bank Transfers | $0.00 | $0.00 | |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 05-30415
Case Name: PARKER, DONNA
Trustee Name: DAVID P. LEIBOWITZ

Claims of secured creditors will be paid as follows:

*Claimant*                                                                 *Proposed Payment*
                               N/A

Applications for chapter 7 fees and administrative expenses have been filed as follows:

|  | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| *Trustee* | DAVID P. LEIBOWITZ | $ 2,250.09 | $ 464.96 |
| *Attorney for trustee* | Lakelaw | $ 10,000.00 | $ 695.92 |
| *Appraiser* |  | $ | $ |
| *Auctioneer* |  | $ | $ |
| *Accountant* |  | $ | $ |
| *Special Attorney for trustee* |  | $ | $ |
| *Charges,* | U.S. Bankruptcy Court | $ 250.00 | $ |
| *Fees,* | United States Trustee | $ | $ |
| *Other* |  | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

*Reason/Applicant*                          *Fees*                     *Expenses*

**UST Form 101-7-TFR (9/1/2009)**

| | | | |
|---|---|---|---|
| *Attorney for debtor* | _____ | $_____ | $_____ |
| *Attorney for* | _____ | $_____ | $_____ |
| *Accountant for* | _____ | $_____ | $_____ |
| *Appraiser for* | _____ | $_____ | $_____ |
| *Other* | _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

*Claim Number*   *Claimant*                          *Allowed Amt. of Claim*   *Proposed Payment*

N/A

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 5,451.03 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 24.6 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | RMI/MCSI | $ 125.00 | $ 30.73 |
| 2 | United Collection Bureau, Inc. | $ 173.00 | $ 42.52 |
| 3 | Capital One Auto Finance | $ 3,429.20 | $ 842.91 |
| 4 | Midland Credit Management | $ 405.24 | $ 99.61 |
| 5 | Midland Credit Management | $ 1,318.59 | $ 324.11 |

**UST Form 101-7-TFR (9/1/2009)**

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

*Claim Number    Claimant                                Allowed Amt. of Claim    Proposed Payment*

N/A

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

*Claim Number    Claimant                                Allowed Amt. of Claim    Proposed Payment*

N/A

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

**UST Form 101-7-TFR (9/1/2009)**